# 112813

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED

2018 DEC 18 AM 10: 46

DEPUTY CLERK____

| | | |
|---|---|---|
| **COLIN IYER** | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. |
| | § | |
| **EXPERIAN INFORMATION SOLUTIONS** | § | JURY TRIAL DEMANDED |
| **STERLING TALENT SOLUTIONS, INC.,** | § | **318-CV3327-N** |
| **and RELX, INC. d/b/a** | § | |
| **LEXISNEXIS GROUP** | § | |

## COMPLAINT

### JURISDICTION

1. The jurisdiction of this Court attains pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681(p) ("FCRA") et seq, for which jurisdiction is proper in this Court. Venue lies in the Dallas Division of the Northern District of Texas since Plaintiff's claims arose from acts of the Defendants perpetrated therein.

### PARTIES

2. Plaintiff, Colin Iyer, is a natural person who resides in Dallas County, Texas and is a "consumer" as defined by 15. U.S.C. §1681a(c) of the FCRA.

3. Experian Information Solutions, Inc. ("Experian") is a corporation incorporated under the laws of the state of California, authorized to do business in Texas, and may be served with process by serving its registered agent, CT Corporation System, 1999 Bryan St, Suite 900, Dallas, Texas 75201.

5. Sterling Infosystems, Inc. d/b/a Sterling Talent Solutions is corporation organized under the laws of the state of Delaware, authorized to do business in Texas, and may be served with process by serving its registered agent, Paracorp Incorporated, 3610-2 N. Josey Lane, Suite 223, Carrollton, Texas 75007-0000.

6. RELX, Inc. d/b/a LexisNexis Group, is a corporation organized under the laws of the state of Massachusetts, registered to conduct business in Texas, and may be served with process by serving CT Corporation System, 1999 Bryan St., Suite 900, Dallas, Texas 75201-3136.

## FACTUAL ALLEGATIONS

7. Plaintiff is an individual consumer as defined by 15. U.S.C. §1681a(c) of the FCRA.

8. Upon information and belief, Defendant Experian Information Solutions is a "consumer reporting agency" as defined in 15 U.S.C.§1681(f). Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.§1681(d) to third parties.

9. Upon information and belief, RELX, Inc. d/b/a LexisNexis Group, is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 (d) to third parties.

10. Upon information and belief, Defendant Sterling InfoSystems, Inc. is a "consumer reporting agency" as defined in 15 U.S.C.§1681(f). Upon information and belief, Sterling Infosystems, Inc. d/b/a Sterling Talent Solutions is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.§1681(d) to third parties.

11. Defendants Experian, Sterling Talent Solutions and LexisNexis Group are reporting personal information on Plaintiff's credit report which is not correct.

12. Plaintiff has disputed the erroneous reporting, in writing, on numerous occasions, with each credit reporting agency.

13. Defendant Sterling Talent Solutions is reporting arrest information which antedates a consumer report by more than seven years.

14. Despite written disputes, the aged information and inaccurate personal information continued and continues to be reported on Plaintiff's credit/consumer report.

15. All Defendants refuse to request deletion of the erroneous information from Plaintiff's credit/consumer report.

## FACTUAL ALLEGATIONS REGARDING EXPERIAN

16. On or about April 5, 2017, GE-Hitachi's security staff mailed to Plaintiff the background report they had obtained from First Advantage.

17. Following receipt of the consumer report, Plaintiff discovered that Experian had reported to First Advantage (and thereby to GE-Hitachi) that there was "NO" social security "number match" in connection with his social security number.

18. Plaintiff was denied a security clearance by GE-Hitachi, due in part to Experian's report of "NO" social security "number match" subsequently causing Granite Services to terminate its employment relationship with Plaintiff.

19. The harm suffered by Plaintiff as a result of the actions and omissions by Defendant Experian was particularized and concrete. Such conduct was a proximate cause of Plaintiff's loss of employment at Granite Services.

20. As a result of Experian's violations, Plaintiff remained without full-time employment for a significant amount of time and suffered a range of actual damages, including lost wages, embarrassment, humiliation and emotional distress.

## FIRST CLAIM FOR RELIEF AGAINST EXPERIAN

21. Upon information and belief, EXPERIAN is a "consumer reporting agency", as defined in 15 U.S.C.§1681(f). Upon information and belief, Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.§1681(d) to third parties.

22. Upon information and belief, Experian disburses such consumer reports to third parties under contract for monetary compensation.

23. Whenever in this complaint it is alleged that a Defendant did or were told any act or thing, it is meant that Defendant's officers, agents, servants, employees, or representatives may have done or been told such act or thing and that, at the time such act or thing was done, it was done with

the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives. Further, suit against the Defendants is intended to include any partnership, unincorporated association, private corporation or entity doing business under an assumed name for the purpose of enforcing against it any substantive right of the Plaintiff.

24. Experian issued, assembled, transferred and published "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act.

25. Experian has continually added, stored, maintained an disseminated personal and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated. 15 U.S.C.§1681e(b).

26. Experian failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

27. Experian, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

28. Experian has continually included mis-merged credit data personal information attributable to other persons with the consumer report(s) of Plaintiff.

29. Experian has failed to utilize a search algorithm which is capable of distinguishing between persons with different personal identifiers.

30. Experian has continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

31. Experian failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

32. Experian created, maintains and utilizes a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws governing Experian's actions.

33. Upon information and belief, Experian utilizes a search algorithm, referred to as "Snowball" which is defective and causes false data to be collected and shown as attributable to the target of the inquiry.

34. Experian has improperly posted accounts and other data to Plaintiff's credit file(s).

35. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C.§1681o.

## SECOND CLAIM FOR RELIEF AGAINST EXPERIAN

36. Plaintiff re-alleges and incorporates paragraphs 1 through 35 above as if fully set out herein.

37. Experian violated 15 U.S.C.§1681i(a) on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

38. As a result of this conduct, action and inaction of Experian, the Plaintiff suffered damage by loss of credit, loss of the ability to purchase and benefit from credit, the mental and emotional pain and anguish and the humiliation and embarrassment of the credit denials. The inaccurate information will also impact Plaintiff's employment opportunities.

39. Experian's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

## THIRD CLAIM FOR RELIEF AGAINST EXPERIAN

40. The facts described herein also constitute violations by Experian of Texas Business & Commerce Code §20.06 by verifying the inaccurate information being reported on Plaintiff's credit report and failing to remove the inaccurate information after being notified on several occasions by Plaintiff of the inaccuracies.

41. Plaintiff sues for the remedies provided by §20.08 & 20.09 Texas Business & Commerce Code.

42. Per §20.12, the actions taken by Experian are false, misleading and deceptive acts or practices as defined by the Deceptive Trade Practices and Consumer Protection Act.

43. In or around December, 2016, Plaintiff applied for employment at Granite Services International, at a potential salary of less than $75,000 a year.

44. On or about December 22, 2016, Granite Services purchased a consumer report, regarding Plaintiff, from Sterling Talent Solutions.

45. On or about December 25, 2016, Sterling Talent Solutions completed its background report on Plaintiff and forwarded that report, containing approximately 20 pages of information, to Granite Services International.

46. Plaintiff was hired by Granite Services International on or about January 8, 2017, contingent on a thorough review of his background pertaining to a security clearance.

47. The background report prepared by Sterling Talent Solutions for Granite Services International, improperly included an arrest dated 1999.

48. The arrest report should not have been reported to Granite Services International, since that record anteceded the consumer report in which it had been included, by more than seven years. The FCRA's restriction in reporting adverse arrest record information to not more than seven years requires that a consumer reporting agency report the actual date of the arrest. The arrest date starts the statutory purge time period.

49. The background report also contained errors such as including the name of a person named "Famesha Smith" on Plaintiff's report, a name that is in no way associated with Plaintiff.

50. Granite Services International took adverse action against Plaintiff based in part on errors and outdated adverse information in his consumer report prepared by Defendant Sterling Talent Services.

51. On or about March, 2017, Plaintiff requested from Sterling Talent Services, and was provided, via mail, a copy of his consumer report that had been given to Granite Services International.

52. Plaintiff did not discover the inaccuracies and outdated information reporting by Sterling Talent Solutions until he received the report by mail.

53. On or about April, 2017, Plaintiff contacted Sterling Talent Solutions to dispute the false name appearing in his report.

54. Defendant Sterling Talent Solutions refused to remove the erroneous information from Plaintiff's report, contending that the original source of the data in the report was a LexisNexis database. Sterling Talent Solutions stated that all data obtained from that source would continue to be reported, even if erroneous.

55. Sterling Talent Solutions failed to provide timely notification to LexisNexis that information Sterling Talent Solutions had procured about Plaintiff from LexisNexis was being disputed by Plaintiff.

56. Despite Plaintiff's numerous written disputes, Sterling Talent Solutions failed to remove all erroneous information or delete outdated adverse information from its data on Plaintiff.

57. The harm suffered by Plaintiff as a result of the actions and omissions by Sterling Talent Solutions was particularized and concrete. Such conduct was a proximate cause of Plaintiff's loss of employment at Granite Services International.

## FIRST CLAIM FOR RELIEF AGAINST STERLING INFOSYSTEMS, INC. D/B/A STERLING TALENT SOLUTIONS

58. Upon information and belief, Sterling Talent Solutions is a "consumer reporting agency", as defined in 15 U.S.C.§1681(f). Upon information and belief, Sterling Talent Solutions is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.§1681(d) to third parties.

59. Upon information and belief, Sterling Talent Solutions disburses such consumer reports to third parties under contract for monetary compensation.

60. Whenever in this complaint it is alleged that a Defendant did or were told any act or thing, it is meant that Defendant's officers, agents, servants, employees, or representatives may have done or been told such act or thing and that, at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives. Further, suit against the Defendants is intended to include any partnership, unincorporated association, private corporation or entity doing business under an assumed name for the purpose of enforcing against it any substantive right of the Plaintiff.

61. Sterling Talent Solutions issued, assembled, transferred and published "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act.

62. Sterling Talent Solutions has continually added, stored, maintained an disseminated personal data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

63. Sterling Talent Solutions failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or

subscribers that such information was erroneous.

64. Sterling Talent Solutions, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

65. Sterling Talent Solutions has continually mis-merged credit data attributable to other persons with the consumer report(s) of Plaintiff.

66. Sterling Talent Solutions has failed to utilize a search algorithm which is capable of distinguishing between persons with different personal identifiers.

67. Sterling Talent Solutions has continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

68. Sterling Talent Solutions failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

69. Sterling Talent Solutions created, maintains and utilizes a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws governing Sterling Talent Solution's actions.

70. Sterling Talent Solutions has improperly posted accounts and other data to Plaintiff's credit file(s).

71. Sterling Talent Solutions's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C.§1681o.

**SECOND CLAIM FOR RELIEF AGAINST STERLING TALENT SOLUTIONS**

72. Plaintiff re-alleges and incorporates paragraphs 1 through 71 above as if fully set out herein.

73. Sterling Talent Solutions violated 15 U.S.C.§1681i(a) on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such

inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

74. As a result of this conduct, action and inaction of Sterling Talent Solutions, the Plaintiff suffered damage by loss of employment opportunities and the emotional pain and anguish and the humiliation and embarrassment of the employment and promotion denials.

75. Sterling Talent Solution's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

### THIRD CLAIM FOR RELIEF AGAINST STERLING TALENT SOLUTIONS

76. The facts described herein also constitute violations by Sterling Talent Solutions of Texas Business & Commerce Code §20.06 by verifying the inaccurate information being reported on Plaintiff's credit report and failing to remove the inaccurate information after being notified on several occasions by Plaintiff of the inaccuracies.

77. Plaintiff sues for the remedies provided by §20.08 & 20.09 Texas Business & Commerce Code.

78. Per §20.12, the actions taken by Sterling Talent Solutions are false, misleading and deceptive acts or practices as defined by the Deceptive Trade Practices and Consumer Protection Act.

### FACTUAL ALLEGATIONS REGARDING LEXISNEXIS GROUP

79. Following being informed by Sterling Talent Solutions that LexisNexis was the source of erroneous information in his consumer report, Plaintiff contacted LexisNexis in or around April, 2017 to obtain all information in his consumer file. LexisNexis did not comply with his request for several months, finally providing the report around November 21, 2017.

80. Plaintiff disputed with LexisNexis the completeness or accuracy of the information furnished by LexisNexis Group to other consumer reporting agencies.

81. Despite mailing dispute letters to LexisNexis Group over a period of months, LexisNexis Group filed to remove erroneous addresses, false social security numbers and incomplete dates of birth from its data on Plaintiff, or to send to Plaintiff, confirmation that the erroneous information had been removed from his record.

82. The harm suffered by Plaintiff as a result of the actions and omissions of LexisNexis Group was particularized and concrete. Such conduct was a proximate cause of Plaintiff's loss of employment at Granite Services International.

**FIRST CLAIM FOR RELIEF AGAINST RELX, INC. d/b/a LEXISNEXIS GROUP**

83. Upon information and belief, LexisNexis Group is a "consumer reporting agency", as defined in 15 U.S.C.§1681(f). Upon information and belief, LexisNexis Group is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C.§1681(d) to third parties.

84. Upon information and belief, LexisNexis Group disburses such consumer reports to third parties under contract for monetary compensation.

85. Whenever in this complaint it is alleged that a Defendant did or were told any act or thing, it is meant that Defendant's officers, agents, servants, employees, or representatives may have done or been told such act or thing and that, at the time such act or thing was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of the Defendant's officers, agents, servants, employees, or representatives. Further, suit against the Defendants is intended to include any partnership, unincorporated association, private corporation or entity doing business under an assumed name for the purpose of enforcing against it any substantive right of the Plaintiff.

86. LexisNexis Group issued, assembled, transferred and published "consumer reports" regarding Plaintiff, as defined in the Fair Credit Reporting Act.

87. LexisNexis Group has continually added, stored, maintained an disseminated personal

and credit data about the Plaintiff which is false, erroneous and misleading without employing procedures to insure the maximum possible accuracy of the information posted to Plaintiff's consumer report(s) and disseminated.

88.  LexisNexis Group failed to employ reasonable procedures to timely and properly reinvestigate the accuracy of the erroneous, negative data upon being notified by Plaintiff and/or subscribers that such information was erroneous.

89.  LexisNexis Group, through its actions and inactions, as described herein, caused great and irreparable injury to Plaintiff.

90.  LexisNexis Group has continually mis-merged data attributable to other persons with the consumer report(s) of Plaintiff.

91.  LexisNexis Group has failed to utilize a search algorithm which is capable of distinguishing between persons with different personal identifiers.

92.  LexisNexis Group has continually posted false and harmful information to Plaintiff's consumer reports without requiring a reasonable number of points of correspondence.

93.  LexisNexis Group failed to invoke necessary functions, procedures or programs designed to insure that false data and/or data attributable to other persons would not post to Plaintiff's consumer report and would be suppressed from appearing on Plaintiff's consumer reports.

94.  LexisNexis Group created, maintains and utilizes a credit reporting system which is defective and does not comply with the Fair Credit Reporting Act or other laws governing LexisNexis Group's actions.

95.  LexisNexis Group has improperly posted accounts and other data to Plaintiff's credit file(s).

96.  LexisNexis Group's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C.§1681o.

## SECOND CLAIM FOR RELIEF AGAINST LEXISNEXIS GROUP

97. Plaintiff re-alleges and incorporates paragraphs 1 through 96 above as if fully set out herein.

98. LexisNexis Group violated 15 U.S.C.§1681i(a) on multiple occasions by failing to delete inaccurate information in the Plaintiff's credit file after receiving actual notice of such inaccuracies; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

99. As a result of this conduct, action and inaction of LexisNexis Group, the Plaintiff suffered damage by loss of employment opportunities, including security clearances, the mental and emotional pain and anguish and the humiliation and embarrassment of the employment denials.

100. LexisNexis Group's conduct, action and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C.§1681n. In the alternative, it was negligent entitling the Plaintiff to recover under 15 U.S.C. 1681o.

## THIRD CLAIM FOR RELIEF AGAINST LEXISNEXIS GROUP

101. The facts described herein also constitute violations by LexisNexis Group of Texas Business & Commerce Code §20.06 by verifying the inaccurate information being reported on Plaintiff's credit report and failing to remove the inaccurate information after being notified on several occasions by Plaintiff of the inaccuracies.

102. Plaintiff sues for the remedies provided by §20.08 & 20.09 Texas Business & Commerce Code.

103. Per §20.12, the actions taken by LexisNexis Group are false, misleading and deceptive acts or practices as defined by the Deceptive Trade Practices and Consumer Protection Act.

## REQUEST FOR TRIAL BY JURY

104.    Plaintiff requests a trial by jury.

## REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES

105.    Plaintiff respectfully requests the Court to instruct the jury, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against each Defendant under the provisions of the Fair Credit Reporting Act and state law.

## REQUEST FOR COSTS OF LITIGATION AND ATTORNEY FEES

106.    Plaintiff requests the Court award Plaintiff his litigation expenses and other costs of litigation and reasonable attorney fees incurred in this litigation, in accordance with the provisions of the Fair Credit Reporting Act and/or other laws.

WHEREFORE, your Plaintiff demands judgment for compensatory and punitive damages against each Defendant; for his attorney fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

Respectfully submitted,

*Sharon Campbell*
Sharon K. Campbell
State Bar # 03717600
3500 Oak Lawn Ave., Suite 205
Dallas, Texas 75219
Telephone: 214/351-3260
Fax: 214/443-6055
Sharon@SharonKCampbell.com

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Colin Iyer

**DEFENDANTS**
Experian Information Solutions
Sterling Talent Solutions, Inc.
Pelx, Inc. d/b/a LexisNexis Group

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sharon Campbell
3500 Oak Lawn Ave., Suite 205
Dallas, TX 75219 / 214-351-3260

318-CV3327-N

Attorneys *(If Known)*

DEC 18 2018
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 550 Civil Rights ☐ 555 Prison Condition ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from Another District *(specify)* ☐ 6 Multidistrict Litigation - Transfer ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 USC 1681 et seq Fair Credit Reporting Act
Brief description of cause:
reporting dated information, merging consumer files

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** _____
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE 12-18-18
SIGNATURE OF ATTORNEY OF RECORD
Sharon Campbell

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____